IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA  :
                          :
            v.            :       1:05CR285-1
                          :
NATHANIEL TYRONE GALLOWAY :
                          :

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS FOR
RECONSIDERATION OF THE JUDGMENT GRANTING HIM RELIEF
UNDER THE FIRST STEP ACT OF 2018 (DE 111, 112)

NOW COMES the United States of America, by and through Matthew

G.T. Martin, United States Attorney for the Middle District of North

Carolina, and hereby responds in opposition to Defendant's motions for

reconsideration of the judgment granting his First Step Act of 2018 ("FSA")

reduction as follows:

Following this Court's decision to grant his Fair Sentencing Act of 2018

("FSA") motion and reduce his term of imprisonment by 100 months of

imprisonment (DE 109), Defendant Galloway has filed motions seeking

reconsideration of that decision.  (DE 111, 112).  First, he claims court-

appointed counsel erred by failing to raise the argument that a prior

conviction for possession with intent to sell and deliver cocaine

(02CRS52170), was not punishable by more than a year of imprisonment and

should not have been used either to enhance his sentence for career offender

1

purposes (PSR ¶¶ 21, 28) or statutory purposes under 21 U.S.C. § 851 (DE

18, 20). (DE 111).  Second, he claims that additional factors, wherein he

describes himself as being a non-violent, low-level drug offender, with strong

family and community ties, whose elderly parents may be affected by the

COVID-19 pandemic, support his request for reconsideration of a lower

sentence. (DE 112).  Defendant's motions should not be considered at this

juncture but, even if this Court were inclined to do so, a further reduction is

not warranted.

## Discussion

"A judgment of conviction that includes a sentence of imprisonment

constitutes a final judgment and may be modified by a district court only in

the limited circumstances provided in 18 U.S.C. § 3582(c)." *United States v.*

*Washington,* 2019 WL 2410078, at *2 (S.D. Fla. June 7, 2019) (citing *Dillon v.*

*United States*, 560 U.S. 817, 824 (2010); *United States v. Maiello*, 805 F.3d

992, 999 (11th Cir. 2015); *United States v. Phillips*, 597 F.3d 1190, 1194-95

(11th Cir. 2010)). "A modification is permitted 'to the extent ... expressly

permitted by statute.'" *Id.,* 2019 WL 2410078, at *2 (quoting 18 U.S.C.

§ 3582(c)(1)(B)).

Because the FSA expressly permits a court to impose "a reduced

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in

2

effect at the time the covered offense was committed," *see* Section 404, this authority must be read strictly in light of *Dillon*. Moreover, as the text of the First Step Act of 2018 explicitly provides, a court that has already denied a motion for relief, after a complete review of a defendant's motion on the merits, cannot entertain subsequent motions for relief. *See United States v. Harris*, 2020 WL 877811, at *2 (N.D. Okla. Feb. 21, 2020) (finding that district court must deny successive motions for lack of jurisdiction).

Once a district court has reviewed, on the merits, a defendant's motion and granted relief, any subsequent reconsideration (absent evidence of earlier error), would be tantamount to leaving open a revolving door to defendants, contrary to the express intent of Congress as expressed in the Act and the longstanding principle of finality as affirmed in *Dillon*. *See United States v. Beckham*, 2020 WL 1492680 (W.D.N.C. Mar. 27, 2020) (declining to reconsider previous decision that defendant was not entitled to relief); *see also United States v. Bryant*, 776 Fed. App'x 822 (4th Cir. 2019) (unpub.) (affirming district court's denial of motion for reconsideration).

Should this Court examine the substantive contentions Defendant raises in support of a further reduction, his request fails. First, in the years since the issue regarding his prior conviction was previously litigated in this case, the law in this area has changed. The government previously

3

addressed, in a response filed July 12, 2012, the current argument that the conviction in case 02CRS52170 was not punishable by more than a year of imprisonment. (DE 61). In case 02CRS52170, Defendant was in Prior Record Level IV, and the 9 to 11 month mitigated range sentence was imposed pursuant to a plea agreement. (*See* DE 61 at 3-4, citing Attachment A, and PSR ¶ 28). Much later, the Fourth Circuit has clarified that, in such a case, the court must look to the maximum in the presumptive range, not the mitigated range. *United States v. Kerr*, 737 F.3d 33 (4th Cir. 2014); *United States v. Valdovinos*, 760 F.3d 322 (4th Cir. 2014). In light of this subsequent authority, Defendant's argument that this conviction was improperly considered falls of its own weight.

Second, the government submits that Defendant's claims of being a non-violent, low-level drug offender, with strong family and community ties, whose elderly parents may be affected by the COVID-19 pandemic, do not rise to the level of yet a further reduction of his sentence. (DE 112). This Court had before it all the necessary factors in this case, including the history and characteristics of the Defendant revealing a significant prior criminal history, beginning at age 17 and continuing unabated: it included a raft of drug convictions as well as a misdemeanor assault on a female. (PSR ¶¶ 25-38). As to his family ties, those were also well-known to this Court, to include

4

the support (PSR ¶ 66) of his father. (PSR ¶¶ 63-68). With respect to the concerns Defendant expresses regarding his elderly parents during the COVID-19 pandemic, this concern has certainly grown in importance, but it has done so in the months since the Court issued its current judgment on February 5, 2020. (DE 109). The government would submit the same concern for aging family members could be raised by nearly any defendant with aging parents and should not form the basis of a further reduction.

Finally, counsel argued ably in securing a reduction in this case. (DE 107 at 3-5). While Defendant's BOP infractions were under consideration, counsel cited as a counterweight the positives of his post-sentence conduct in furthering his education, vocational training and personal growth. (DE 107 at 5). Considering all the factors present in this case to include Defendant's still unchanged guideline range, a 100-month reduction was generous. The Court should grant no further reduction.

5

This the 17th day of April, 2020.

                                Respectfully submitted,

                                MATTHEW G.T. MARTIN
                                United States Attorney

                                /S/ ANGELA H. MILLER
                                Assistant United States Attorney
                                SCSB # 11662
                                United States Attorney's Office
                                Middle District of North Carolina
                                101 S. Edgeworth Street, 4th Floor
                                Greensboro, NC  27401
                                336/333-5351

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will notify counsel of record and I further hereby certify that the document was mailed to the following non-CM/ECF user:

Mr. Nathaniel Tyrone Galloway
Reg. No. 22704-057
USP Pollock
U.S. Penitentiary
P.O. Box 2099
Pollock, LA  71467

/S/ ANGELA H. MILLER
Assistant United States Attorney
SCSB #11662
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC  27401-6024
Phone:  336.333.5351